UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THE ESTATE OF JAMES J. SZUBA, *et al.,*    )
                                            )
                    Plaintiffs              )
        v.                                  )        CAUSE NO. 3:10-CV-0479
                                            )
GOVERNMENTAL INTERINSURANCE                 )
EXCHANGE,                                   )
                                            )
                    Defendant.              )

## OPINION AND ORDER

Before the Court are Governmental Interinsurance Exchange's ("GIE's") "Motion for
Clarification and Other Relief" and its "Objection to February 15, 2011 Order Pursuant to
Fed.R.Civ.P. 72(a)" filed on February 16, 2011 and March 1, 2011 respectively. Plaintiffs
responded to both motions on February 17, 2011 and March 4, 2011, respectively. For the following
reason's the Defendant's Motions will be DENIED.

On October 18, 2010, Plaintiffs filed their Complaint in St. Joseph Circuit Court seeking a
declaratory judgment that certain insurance policy proceeds were payable as well as damages for
breach of contract against GIE for failure to pay those proceeds to the Plaintiffs. On November 8,
2010, Plaintiffs filed a "Motion for Partial Summary Judgment" in that Court. [DE 2]. On
November 12, 2010, and prior to any response to that Motion being filed, GIE removed the case to
this Court [DE 3]. Shortly thereafter, on December 28, 2010, Defendants also filed a Motion to
Dismiss and Compel Arbitration. [DE 15]. On January 6, 2011, the undersigned ordered
Defendants to file a response to the Plaintiffs' Motion for Partial Summary Judgment by February
3, 2011. [DE17]. Instead of responding on February 3, 2011 as ordered, GIE filed a "Motion to Stay

1

Proceedings Pending Ruling on Arbitration Issue." After briefing on that motion concluded, the Magistrate Judge entered an Order Denying without prejudice the Motion to Stay the Proceedings. [DE 30]. GIE then filed the present Motion for Clarification [DE 31] and shortly thereafter, its Objection to the Magistrate Judge's Order. It is to these motions, that the court now turns.

GIE sought a stay of proceedings under the Federal Arbitration Act ("FAA"), 9 U.S.C. §3, which allows for a stay of proceedings under a valid arbitration clause. Indeed, "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under [an arbitration] agreement, [the Court] shall on application of one of the parties stay the trial of the action until such arbitration has been held in accordance with the terms of the agreement..." 9 U.S.C. §3.

Not surprisingly, GIE believes the arbitration clause in its insuring agreement is valid and thus, a stay of proceedings is appropriate. Yet, this is precisely the legal issue set out in the Motion to Dismiss and Compel Arbitration filed by GIE which the Court is currently reviewing. Thus, as the Magistrate Judge explained "the FAA by its terms does not support GIE's request for a stay until the Court resolves the motion to compel arbitration." (Order, p. 2). Given this issue of whether there is, in fact, a valid arbitration clause that would warrant a stay, the Magistrate Judge denied the Motion to Stay without prejudice to its being refiled once the Court rules on the pending Motion to Dismiss and Compel Arbitration.

In its Motion for Clarification, GIE states that it is interpreting the Court's February 15 order as an order "that delays ruling on GIE's pending Motion to Compel Arbitration" and that pursuant to *Continental Casualty Co. v. Staffing Concepts, Inc.*, 538 F.3d 577 (7th Cir. 2008) it is a "delay incident to an orderly process" and a non-appealable order. GIE also requests that this Court

consider the Motion for Partial Summary Judgment only to the extent that it raises issues of arbitrability. It further requests ten additional days to respond to that motion. Plaintiff responded in opposition to this motion taking issue with GIE's interpretation that the order "delays" ruling on the Motion to Dismiss and Compel Arbitration. According to Plaintiff, no clarification is needed and there is no need to rely on *Continental Casualty*.

In its Objection to the February 15, 2011 Order pursuant to Fed.R.Civ.P. 72(a), which permits the district judge to rule on objections to non-dispositive pretrial orders of Magistrate Judges, GIE argues that it simply sought clarification that "the Order was to be considered a non-appealable 'housekeeping' order incident to the Court's orderly process in accordance with *Continental Casualty Co. v. Staffing Concepts, Inc..*" Thus, its objection appears to be anticipatory, that is that IF the Court accepts plaintiff's position that this is not an "order incident to the Court's orderly process" then the Magistrate's Order should be deemed appealable as a denial of a stay.

All of this is much ado about nothing, especially since no one has sought to appeal the substance of the Magistrate's Order nor has anyone taken issue with the reasoning therein. The Magistrate Judge ruled in his Order that the Defendant's Motion to Stay Proceedings put the cart before the horse. GIE sought a stay and, in doing so, assumed that the Court had adopted its position in the Motion to Dismiss and Compel Arbitration that a valid arbitration clause exists when, in fact, the Court has yet to rule on the Motion to Dismiss. The Magistrate Judge specifically stated "the Court has not yet determined that issue." (Order, p. 2). The undersigned is currently reviewing that motion and its accompanying briefs and responses and will issue an Order when that review is complete. There is nothing in the Magistrate's Judge's Order indicating that there is a "delay" in ruling on the motion as interpreted in the Defendant's motion for clarification.

So, to clarify, as part of the court's process in managing its cases: (1) the Magistrate Judge's Order denying the Motion to Stay All Proceedings *without prejudice* is ACCEPTED for the reasons set out in that Order and the Defendant's Objection [DE 34] is hereby **OVERRULED**; (2) the undersigned will issue an Opinion and Order on GIE's pending and fully-briefed Motion to Dismiss and Compel Arbitration once it has completed review on that motion; (3) the Plaintiff's Motion for Partial Summary Judgment remains pending while the court considers the Motion to Dismiss and Compel Arbitration; (4) if the Motion to Dismiss and Compel Arbitration  is DENIED, the undersigned will provide GIE the ten (10) days it requests in its Motion for Clarification to respond to the Plaintiff's Motion for Partial Summary Judgment.  No response is required from GIE until the resolution of the Motion to Dismiss and Compel Arbitration occurs.  The Defendant's Motion for Clarification [DE 31] is hereby **DENIED** as **MOOT.**


Entered: This 20th day of April, 2011

s/ William C. Lee<br>United States District Court